UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 19-CV-61798-GAYLES/STRAUSS**

**JUAN ALBERTO LOPEZ,**

    Plaintiff,

v.

**ANDREW SAUL,**
**Commissioner of Social Security,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Motion") [DE 23], filed on September 17, 2020. This case was referred to me for a ruling on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters [DE 4; DE 16]. For the reasons stated below, I **recommend** that the Motion [DE 23] be **GRANTED**.

Plaintiff filed his Complaint [DE 1] on July 17, 2019, seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits. Defendant filed an answer [DE 9] and a transcript of the record [DE 10] on November 1, 2019. On January 13, 2020, Plaintiff filed Plaintiff's Motion for Summary Judgment [DE 15]. Defendant filed a response thereto, combined with a cross-motion for summary judgment, on February 12, 2020 [DE 17; DE 18]. Thereafter, Plaintiff filed a response to Defendant's cross-motion, combined with a reply to Defendant's response [DE 20].

On May 29, 2020, I entered a Report and Recommendation [DE 21], recommending that Plaintiff's summary judgment motion be granted in part and that Defendant's cross-motion be denied. In doing so, I recommended that this case be remanded for the ALJ to further consider the

opinion of Plaintiff's treating physician, Dr. Patrick Barry.  On June 22, 2020, the District Court entered an Order [DE 22] affirming and adopting my Report and Recommendation and remanding this case.  Plaintiff now seeks an award of attorney's fees in the amount of $6,261.38 for 31 hours of work by attorneys at a $201.98 hourly rate [DE 23-1 ¶ 11], and $400 in costs (representing the filing fee).  Plaintiff's counsel has voluntarily reduced his hours from 33.5 to 31 and has waived 5.42 hours of paralegal time [DE 23-1 ¶ 9 & n.1].

"Under EAJA [the Equal Access to Justice Act], a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust."  *Ochoa v. Comm'r of Soc. Sec.*, No. 19-80802-CIV, 2020 WL 4208042, at *1 (S.D. Fla. July 22, 2020) (citing 28 U.S.C. § 2412(d); *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018)).

Here, Plaintiff was the prevailing party.  Plaintiff also argues that the Government's position was not substantially justified, that Plaintiff's net worth did not exceed $2,000,000 when the Complaint was filed, and that no other circumstances would make an award of fees unjust [DE 23 at p. 1].  Given that the Motion is unopposed, Defendant does not contest Plaintiff's entitlement to fees.  Therefore, Plaintiff has met his burden on these issues.

The Motion is also timely.  The prevailing party must move for attorney's fees within thirty days of final judgment.  § 2412(d)(1)(B).  The EAJA defines a final judgment as "a judgment that is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  A judgment against the United States, its agencies, or its officers sued in their official capacities can be appealed "within 60 days after entry of judgment."  Fed. R. App. P. 4(a)(1)(B).  Therefore, after a sentence-four remand, a

prevailing party's EAJA fee application is timely when filed prior to 90 days after the entry of judgment.  As the District Court's Order [DE 22] remanding this case was entered on June 22, 2020, the Motion was timely filed.  Thus, Plaintiff has satisfied the aforementioned EAJA requirements.  Therefore, I find that Plaintiff is entitled to an award of reasonable attorney's fees and expenses.

As for the amount of fees, the EAJA provides that "fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel requests compensation at an hourly rate of $201.98.  Counsel asserts that the statutory rate of $125 is subject to a cost of living adjustment since the EAJA took effect in March 1996 [DE 23-1 ¶ 11].  I find that the requested hourly rate is within the range of market rates for South Florida attorneys who represent plaintiffs in similar actions.  Furthermore, courts consider the application of the cost of living adjustment "next to automatic."  *See Meyer v. Sullivan*, 958 F.2d 1029, 1035 n. 9 (11th Cir. 1992).  Therefore, I find that the $201.98 hourly rate is warranted.  I also find that the 31 hours for which counsel seeks compensation (representing a voluntarily reduced number of hours) are reasonable.  Accordingly, I conclude that $6,261.38 represents a reasonable fee in this case.  Therefore, I recommend that such fees be awarded.  I also recommend that the requested cost of $400, which is reasonable, also be awarded.

Attorney's fees awarded under the EAJA are payable to the plaintiff.  *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).  As such, the payment is subject to a government offset to satisfy any

pre-existing debt that the litigant owes the United States. *Id.* Pursuant to the Motion, Plaintiff requests that the fees and costs sought be paid to Plaintiff's attorney provided that it is determined Plaintiff does not have outstanding federal debt subject to collection. I recommend that the District Court grant this request, and I again note that the Motion is unopposed.

## CONCLUSION

Based on the foregoing, I **recommend** that the Motion [DE 23] be **GRANTED** and that the District Court award Plaintiff attorney's fees in the amount of $6,261.38 and costs in the amount of $400, for a total award of **$6,661.38**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 29th day of September 2020.

Jared M. Strauss
United States Magistrate Judge